IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANCE DARDEN and<br>JULIEANNE QUACH,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>FORTYFIVE STUDIOS, LLC,<br>AARON BOWDOIN,<br>RANDALL CHAMPAGNE,<br>THOMAS MAHAN and<br>KAREN WALKER,<br><br>    *Defendants*. | CIVIL ACTION FILE NO. |

## COMPLAINT

**NOW COME** Plaintiffs Lance Darden and Julieanne Quach (hereinafter collectively "Plaintiffs") and assert this Complaint against Defendants Fortyfive Studios, LLC., Aaron Bowdoin, Randall Champagne, Thomas Mahan and Karen Walker (hereinafter collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA" or "the Act"), and for breach of

contract, promissory estoppel, and unjust enrichment under Georgia law.  The Plaintiffs state more fully as follows:

## INTRODUCTION

1.

Plaintiffs Darden and Quach each worked for Defendants Fortyfive Studios, LLC., Bowdoin, Champagne, Mahan and Walker within two (2) years preceding the filing of this Complaint.  Defendants failed and willfully refused to: (1) pay Plaintiffs' wages promised to them; (2) in certain "work-weeks" pay wages equal to the federal minimum wage as required by the FLSA, 29 U.S.C. §206; (3) pay overtime wages equal to one and one-half times the Plaintiffs' "regular rate" as required by the FLSA, 29 U.S.C. §207; and, (4) reimburse Plaintiffs for work-related expenses incurred by the Plaintiffs. Plaintiffs seek their unpaid base wages, unpaid overtime wages, unpaid expenses, liquidated damages under the FLSA, interest under Georgia law on the amounts owed, and their attorneys' fees and costs of litigation under both the FLSA and O.C.G.A. §13-6-11.

## JURISDICTION

### 2.

Plaintiffs bring this action under the Fair Labor Standards Action, 29 U.S.C. §201 *et. seq.*, and pendant state law claims.   This Court has original jurisdiction pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, §1132(a)(1)(B), and §1337.   The Court has supplemental jurisdiction over Plaintiffs' state law claims.

## VENUE

### 3.

Defendant Fortyfive Studios, LLC is a Georgia-based limited liability company with its principal place of business at 1270 Caroline Street, N.E., Suite D120-140, Atlanta, Georgia.  Venue for this action properly lies in the Northern District of Georgia, Atlanta Division, pursuant to 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, N.D. Ga.

DEFENDANTS

4.

Defendant Fortyfive Studios, LLC is a Georgia-based limited liability company which advertises itself as a turn-key digital boutique specializing in production and post-production services.

5.

More specifically, Defendant Fortyfive Studios, LLC creates and produces a wide variety of visual and audio media, such as television commercials, web commercials, product advertising, corporate advertising, promotional media, and sound and motion graphic images, for various companies scattered throughout the United States.

6.

Defendant Fortyfive Studios, LLC sells its services and products to companies and end-users located outside of the State of Georgia.

7.

Defendant Fortyfive Studios, LLC purchases supplies, materials and equipment from vendors located outside of the State of Georgia.

8.

Defendant Fortyfive Studios lists it annual gross revenue as between one million dollars ($1,000,000) and five million dollars ($5,000,000).  See Exhibit 1, attached hereto.

9.

In calendar year 2015, Defendant Fortyfive Studios had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1),

10.

Defendant Fortyfive Studios, LLC constitutes an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of  §3(r), §3(s)(1), §6(a) and §7(a) of the Act.  29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a).

11.

For the calendar year 2015, Defendant Fortyfive Studios, LLC was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

12.

Defendant Fortyfive Studios, LLC is an "employer" in an industry affecting commerce within the meaning of §3(d) of the Act. 29. U.S.C. §203(d).

13.

During the relevant time period, discussed *infra*, Defendant Fortyfive Studios was an "employer" of Plaintiff Darden, as defined in §3(d) of the Act. 29 U.S.C. §203(d).

14.

During the relevant time period, discussed *infra*, Defendant Fortyfive Studios was an "employer" of Plaintiff Quach, as defined in §3(d) of the Act. 29 U.S.C. §203(d).

15.

Defendant Aaron Bowdoin is an owner and/or shareholder in Defendant Fortyfive Studios, LLC.

16.

Defendant Aaron Bowdoin, along with other individuals, manages the day-to-day operations of Defendant Fortyfive Studios, LLC.

17.

Defendant Aaron Bowdoin, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees. Thus, Bowdoin was and is an "employer" of the Plaintiff Darden within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

18.

Defendant Aaron Bowdoin, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees. Thus, Bowdoin was and is an "employer" of the Plaintiff Quach within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

19.

Defendant Randall Champagne is an owner and/or shareholder in Defendant Fortyfive Studios, LLC.

20.

Defendant Randall Champagne, along with other individuals, manages the day-to-day operations of Defendant Fortyfive Studios, LLC.

21.

Defendant Randall Champagne, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees.  Thus Champagne, was and is an "employer" of the Plaintiff Darden within the meaning of §3(d) of the FLSA.  29 U.S.C. §203(d).

22.

Defendant Randall Champagne, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees.  Thus Champagne, was and is an "employer" of the Plaintiff Quach within the meaning of §3(d) of the FLSA.  29 U.S.C. §203(d).

23.

Defendant Karen Walker is an owner and/or shareholder in Defendant Fortyfive Studios, LLC.

24.

Defendant Karen Walker, along with other individuals, manages the day-to-day operations of Defendant Fortyfive Studios, LLC.

25.

Defendant Karen Walker, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees.  Thus Walker, was and is an "employer" of the Plaintiff Darden within the meaning of §3(d) of the FLSA.  29 U.S.C. §203(d).

26.

Defendant Karen Walker, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees.  Thus Walker, was and is an "employer" of the Plaintiff Quach within the meaning of §3(d) of the FLSA.  29 U.S.C. §203(d).

27.

Defendant Thomas Mahan the General Manager of Defendant Fortyfive Studios, LLC.

28.

Defendant Thomas Mahan, along with other individuals, manages the day-to-day operations of Defendant Fortyfive Studios, LLC.

29.

Defendant Thomas Mahan, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees. Thus Mahan, was and is an "employer" of the Plaintiff Darden within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

30.

Defendant Thomas Mahan, acted and acts directly in the interest of Defendant Fortyfive Studios, LLC, in relation to Defendant Fortyfive Studios, LLC's employees. Thus Mahan, was and is an "employer" of the Plaintiff Quach within the meaning of §3(d) of the FLSA. 29 U.S.C. §203(d).

31.

During the period of employment of the Plaintiffs, discussed *supra*, the activities of Defendants Fortyfive Studios, LLC., Bowdoin, Champagne, Mahan and Walker were related and performed through unified operation and control for a common business purpose, and constituted an "enterprise" within the meaning of §3(r) of the Act. 29 U.S.C. §203(r).

32.

In calendar year 2015, Defendants employed various people, including Plaintiffs, in the business of producing goods and/or services for commerce, more specifically creating, producing and selling a wide variety of visual and audio media, such as television commercials, web commercials, product advertising, corporate advertising, promotional media, and sound and graphic images, which have in fact been sold into commerce within the meaning of §§ 3(b), 3(g), 3(i) and 3(j) of the Act.  29 U.S.C. §§203(b), 203(g), 203(i) and 203(j).

PLAINTIFF JULIEANNE QUACH

33.

Plaintiff Julieanne Quach was hired by Defendant Fortyfive Studios, LLC on or about August 24, 2015 for the position of Associate Production Coordinator.

34.

Plaintiff Quach was an "employee" of Defendant Fortyfive Studios, LLC as defined by §3(e)(1) of the Act.  29 U.S.C. §203(e)(1).

35.

Plaintiff Quach's job duties consisted of assisting both the Director and Executive Producer of Defendant Fortyfive Studios, LLC.  Plaintiff Quach performed office work, kept basic accounts, assisted with scouting locations, purchased and transported craft services, assisted with contract models and actors, purchased and transported props, and performed a variety of manual and office tasks related to the production of audio and video services sold by Defendant Fortyfive Studios.

36.

Defendants offered to pay, and Plaintiff Quach accepted, a day rate of eight-five dollars ($85.00) per day, and her normal work hours were Monday, Wednesday and Friday from  10:00 AM to 5:00 PM, for a total of twenty-one (21) hours per week.  Thus, Ms. Quach normal weekly pay was $255.000, and her "wages," as defined under the FLSA, were $12.14.  See 29 U.S.C. §203(m), §206, §207, 29 C.F.R. §778.103, §8.104, §778.105 and §785.5.

37.

Plaintiff Quach was not paid on a salary basis.

38.

Plaintiff Quach was not paid a guaranteed salary equal to or exceeding four hundred fifty-five ($455.00) per week.

39.

During the period of approximately August 25th through August 29th, 2015, Plaintiff Quach assisted with a photoshoot in Peoria, Illinois.

40.

During this workweek, Plaintiff Quach worked approximately fifty-seven (57) hours, not including travel time.

41.

During this workweek, Plaintiff Quach was paid $340.  Thus, her effective hourly rate was $5.96, well below the federal minimum wage rate of $7.25 per hour.  29 U.S.C. §203(m) and §206(a). (While "regular rate" is most associated with overtime calculations, to be discussed *infra*, one's "regular rate" can never lawfully be less than the federal minimum wage.  *See* 29 C.F.R. §778.107, §778.108, §778.109 and §778.112.)

42.

Plaintiff Quach has not been paid for any of her work for the period between October 15, 2015 and December 15, 2015.

43.

Plaintiff Quach was not paid for one day, approximately seven (7) hours, by Defendants for the week October 11-17, 2015.

44.

Plaintiff Quach worked a normal workweek, three (3) work-days, approximately twenty-one (21) hours, for Defendants for the week October 18- 24, 2015, and to date, has not been paid.

45.

Plaintiff Quach worked a normal workweek, three (3) work-days, approximately twenty-one (21) hours, for Defendants for the week October 25 - 31, 2015, and to date, has not been paid.

46.

Plaintiff Quach worked a normal workweek, approximately twenty-one (21) hours, for Defendants for the week November 1 - 7, 2015, and to date, has not been paid.

47.

During the period of approximately November 11th through November 17th, 2015, Plaintiff Quach assisted with a photoshoot in Los Angeles, California.

48.

During the workweek of November 8 through 14, 2015, Plaintiff Quach worked approximately sixty-six (66) hours.

49.

During the workweek of November 15 through 21, 2015, Plaintiff Quach worked approximately twenty-eight (28) hours.

50.

To date, Plaintiff Quach has been paid no wages at all for these two (2) workweeks.

51.

During the trip to Los Angles, Plaintiff Quach was given the corporate credit card belonging to Defendant Walker, and told to charge all business-related expense to that card.  In fact, the card was declined and Plaintiff Quach was required to charge all of the business related expenses on her own, personal credit card.  These included charges for

transportation, props, food, and equipment rentals, and came to a total of five thousand one hundred and thirty-three dollars ($5,133.00).  See Exhibit 2, attached hereto.

52.

Despite repeated assurances from Defendants Bowdoin, Champagne, and Mahan that she would be repaid these expenses, the Defendants have failed and refused in bad faith to reimburse Plaintiff Quach for these expenses.

53.

Plaintiff Quach worked a normal workweek, approximately twenty-one (21) hours, for Defendants for the week November 22 - 28, 2015, and to date, has not been paid.

54.

Plaintiff Quach worked a normal workweek, approximately twenty-one (21) hours, for Defendants for the week November 29 - December 5, 2015, and to date, has not been paid.

55.

Plaintiff Quach worked a normal workweek, approximately twenty-one (21) hours, for Defendants for the week December 6 - 12, and to date, has not been paid.

56.

Plaintiff Quach worked one (1) day, seven (7) hours, for Defendants for the week December 13 - 19, 2015, and to date, has not been paid.

57.

Plaintiff Quach resigned due to non-payment of wages and expenses on or about January 7, 2016.

PLAINTIFF LANCE DARDEN

58.

Plaintiff Lance Darden was hired by Defendant Fortyfive Studios, LLC on or about August 10, 2015 for the position of Senior 3D Animator/Artist.

59.

Plaintiff Darden was an "employee" of Defendant Fortyfive Studios, LLC as defined by §3(e)(1) of the Act.  29 U.S.C. §203(e)(1).

60.

Plaintiff Darden's job duties consisted of creating three-dimensional animation, texturing, shading, lighting and rendering used in the video and graphic products sold by Defendant Fortyfive Studios.

61.

Initially, Defendant Fortyfive Studios, LLC offered to pay, and Plaintiff Darden accepted, a monthly pay rate of eight thousand two hundred dollars ($8,200 per month).  The Parties operated under that agreement for the remainder of August 2015, and September, 2015. Beginning in October, 2015, Defendant Fortyfive Studios, LLC offered to pay, and Plaintiff Darden accepted, a day rate of  five hundred dollars ($500.00 per day).   Plaintiff Darden normally worked forty (40) hours per week.

62.

Plaintiff Darden was not an exempt employee under §13(a)(1) and §13(a)(17) as a "computer programmer."  29 U.S.C. §213(a)(1) and §213(a)(17).

63.

Plaintiff Darden did not perform system analyst functions for Defendant Fortyfive Studios, LLC.

64.

Plaintiff Darden did not perform computer programming functions for Defendant Fortyfive Studios, LLC.

65.

Plaintiff Darden worked approximately sixty (60) hours during the week of August 9th through August 15th, 2015, and was paid two thousand fifty dollars ($2,050.00).

66.

Plaintiff Darden worked approximately forty (40) hours during the week of August 16th through August 22nd, 2015, and was paid two thousand fifty dollars ($2,050.00).

67.

Plaintiff Darden worked approximately forty (40) hours during the week of August 22nd through August 29th, 2015, and was paid two thousand fifty dollars ($2,050.00).

68.

Plaintiff Darden worked approximately forty (40) hours during the week of August 30th through September 5th, 2015, and was paid two thousand fifty dollars ($2,050.00).

69.

Plaintiff Darden worked approximately forty (40) hours during the week of September 6th through September 12th, 2015, and was paid two thousand fifty dollars ($2,050.00).

70.

Plaintiff Darden worked approximately eighty (80) hours during the week of September 13th through September 19th, 2015, and was paid two thousand fifty dollars ($2,050.00).

71.

Plaintiff Darden worked approximately seventy (70) hours during the week of September 20th through September 26th, 2015, and was paid four hundred fifty dollars ($450.00).

72.

Plaintiff Darden worked approximately five (5) days and forty (40) hours during the week of September 27th through October 3rd, 2015, and was not paid any monies for this work.

73.

Plaintiff Darden worked approximately five (5) days and thirty (30) hours during the week of October 4th through October 10th, 2015, and was not paid any monies for this work.

74.

Plaintiff Darden worked approximately five (5) days and forty (40) hours during the week of October 11th through October 17th, 2015, and was not paid any monies for this work.

75.

Plaintiff Darden worked approximately four (4) days and forty (40) hours during the week of October 18th through October 24th, 2015, and was not paid any monies for this work.

76.

Plaintiff Darden worked approximately four (4) days and thirty-two (32) hours during the week of October 25th through October 31st, 2015, and was not paid any monies for this work.

77.

As a result of Defendants' failure to pay any monies owed, Plaintiff Darden ceased working for Defendant Fortyfive Studios, LLC on or about October 31st, 2015.

COUNT 1:  FAILURE TO PAY MINIMUM WAGES

UNDER THE FLSA

78.

Plaintiffs restate and reallege paragraphs thirty-three (33) through seventy-seven (77).

79.

By failing and refusing to pay Plaintiff Quach *any* wages for the workweeks described above, Defendants have violated the minimum wage provisions of the Fair Labor Standard Act, 29 U.S.C. §§206 and 216.

80.

Additionally, Defendants failed to pay Plaintiff Quach an hourly wage equal to or greater than the federal minimum for the workweek August 23 – 29, 2015.

81.

Defendants owe Plaintiff Quach approximately $1,799.70 in liquidated damages for failing to pay wages in these workweeks equal to or greater than the federal minimum wage rate.  29 U.S.C. §§206 and 216.

82.

By failing and refusing to pay Plaintiff Darden *any* wages for the workweeks described above, Defendants have violated the minimum wage provisions of the Fair Labor Standard Act, 29 U.S.C. §§206 and 216.

83.

Defendants owe Plaintiff Darden approximately $1,319.50 in liquidated damages for failing to pay wages in these workweeks equal to or greater than the federal minimum wage rate.  29 U.S.C. §§206 and 216.

## COUNT II:  FAILURE TO PAY OVERTIME WAGES

## UNDER THE FLSA

84.

Plaintiffs restate and reallege paragraphs thirty-three (33) through seventy-seven (77).

85.

For the workweeks August 23 – 29, 2015 and November 8 – 14, 2015, Defendants violated the overtime provisions of the Fair Labor Standard Act, 29 U.S.C. §207, by failing to pay Plaintiff Quach one and one-half (1½) times her "regular rate" of pay for all hours worked in excess of forty (40).

86.

Defendants owe Plaintiff Quach approximately $783.89 in unpaid overtime wages for the workweeks August 23 – 29, 2015 and November 8 – 14, 2015.  29 U.S.C. §207 and §216.

87.

Additionally, Defendants owe Plaintiff Quach $783.89 in liquidated damages for failing to pay overtime wages for the workweeks August 23 – 29, 2015 and November 8 – 14, 2015.  29 U.S.C. §§207 and 216.

88.

For the workweeks August 9 -15, 2015, September 13 – 19, 2015, and September 20 – 26, 2015, Defendants violated the overtime provisions of the Fair Labor Standard Act, 29 U.S.C. §207, by failing to pay Plaintiff Darden one and one-half (1½) times his "regular rate" of pay for all hours worked in excess of forty (40).

89.

Defendants owe Plaintiff Darden approximately $1,293.65 in unpaid overtime wages for the workweeks August 9 -15, 2015,

September 13 – 19, 2015, and September 20 – 26, 2015.  29 U.S.C. §207 and §216.

90.

Additionally, Defendants owe Plaintiff Darden $1,293.65 in liquidated damages for failing to pay overtime wages for the workweeks August 9 -15, 2015, September 13 – 19, 2015, and September 20 – 26, 2015.  29 U.S.C. §§207 and 216.

COUNT III:  BREACH OF CONTRACT UNDER GEORGIA LAW

91.

Plaintiffs restate and reallege paragraphs thirty-three (33) through seventy-seven (77).

92.

Defendants offered, and Plaintiff Quach accepted, to pay Plaintiff Quach eight-five dollars ($85.00) per day in exchange for her work as an Associate Production Coordinator.

93.

To date, Defendants have failed and refused to pay Plaintiff Ouach for the workweeks described in paragraphs thirty-nine (39) through fifty-seven (57), *supra*.

94.

Under the terms of their agreement, and pursuant to Georgia law, Defendants owe Plaintiff Quach two thousand four hundred and sixty-five dollars ($2,465.00) for work done by Plaintiff Quach and accepted by Defendants.

95.

Defendants offered, and Plaintiff Darden accepted, to pay Plaintiff Darden a monthly salary of eight thousand two hundred dollars ($8,200.00) (which, on a "workweek" basis is $2,050.00 per workweek) from his initial hire date until the end of September, 2015, and then, beginning in October 2015, Defendants offered, and Plaintiff Darden accepted, to pay Plaintiff Darden a day rate of five hundred dollars ($500), in exchange for his work as Senior 3D Animator/Artist.

96.

To date, Defendants have failed and refused to pay Plaintiff Darden for the workweeks described in paragraphs sixty-five (65) through seventy-seven (77), *supra.*

97.

Under the terms of their agreement, and pursuant to Georgia law, Defendants owe Plaintiff Darden approximately twelve thousand six hundred and fifty dollars ($12,650.00) for work done by Plaintiff Darden and accepted by Defendants.

COUNT IV:  CLAIM FOR UNJUST ENRICHMENT

UNDER GEORGIA LAW

98.

Plaintiffs restate and reallege paragraphs thirty-three (33) through fifty-seven (57).

99.

Plaintiff Quach expended the sum of five thousand one hundred and thirty-three ($5,133.00) dollars on behalf of Defendants during the

photo shoot in Los Angeles with the assurance of Defendants Bowdoin, Champagne, and Mahan that she would be promptly repaid.

100.

Defendants have never reimbursed Plaintiff Quach for these expenses despite her repeated demands. See Exhibit 3, attached hereto.

101.

Defendants Bowdoin, Champagne, and Mahan explicitly and repeatedly stated that Plaintiff Quach would be repaid these expenses.

102.

Defendants happily utilized the supplies, equipment and consumables purchased by Plaintiff Quach to complete Defendants' work during the photo shoot.

103.

Defendants, pursuant to Georgia law, owe Plaintiff Quach the sum of five thousand one hundred and thirty-three ($5,133.00) dollars in unreimbursed expenses associated with Defendants' photo shoot in Los Angles.

## COUNT V:  CLAIM FOR PROMISSORY ESTOPPEL

## UNDER GEORGIA LAW

### 104.

Plaintiffs restate and reallege paragraphs thirty-three (33) through seventy-seven (77).

### 105.

Plaintiff Quach expended the sum of five thousand one hundred and thirty-three ($5,133.00) dollars on behalf of Defendants during the photo shoot in Los Angeles with the assurance of Defendants Bowdoin, Champagne, and Mahan that she would be promptly repaid.

### 106.

Defendants have never reimbursed Plaintiff Quach for these expenses despite her repeated demands.

### 107.

Defendants Bowdoin, Champagne, and Mahan explicitly and repeatedly stated that Plaintiff Quach would be repaid these expenses.

108.

Defendants happily utilized the supplies, equipment and consumables purchased by Plaintiff Quach to complete Defendants' work during the photo shoot.

109.

Defendants, pursuant to Georgia law, owe Plaintiff Quach the sum of five thousand one hundred and thirty-three ($5,133.00) dollars in unreimbursed expenses associated with Defendants' photo shoot in Los Angles.

110.

Defendants promised, and Plaintiffs accepted these promises, to pay Plaintiffs the specific sums set forth above in exchange for work performed.  Plaintiffs, as described in detail above, worked on the days and weeks set forth, and have not been paid the sums promised by Defendants.  Plaintiffs believed and relied upon the statements and promises made by Defendants, have suffered a loss due to Defendants' actions, Defendants knew or should have known that Plaintiffs expected to be paid under the terms of the Parties' agreements, and equity requires that Defendants pay the wages promised.

111.

As described more fully above, Defendants owe Plaintiff Quach the sum of two thousand four hundred and sixty-five dollars ($2,265.00) in back wages under the terms of the agreement between Defendants and Plaintiff Quach, and owe Defendant Darden the sum of twelve thousand six hundred and fifty dollars ($12,650.00) in back wages under the terms of the agreement between Defendants and Plaintiff Darden.

## COUNT VI:  CLAIM FOR ATTORNEYS' FEE AND COSTS UNDER THE FLSA

112.

Plaintiffs restate and reallege paragraphs thirty-three (33) through seventy-seven (77).

113.

Pursuant to §16(b) of the Act, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs of litigation.  29 U.S.C. §216(b).

## COUNT VII:  CLAIM FOR ATTORNEYS FEES

## UNDER GEORGIA LAW

### 114.

Plaintiffs restate and reallege paragraphs thirty-three (33) through seventy-seven (77).

### 115.

Defendants have acted in bad faith in these transactions, and Defendants have been stubbornly litigious and caused Plaintiffs Darden and Quach unnecessary trouble and expense, entitling Plaintiffs Darden and Quach to recover their attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

### 116.

Based upon the forgoing paragraphs, Plaintiffs respectfully ask this Court to find and order the following:

A. That the Court find and declare the Defendants, collectively, to have violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, to have breached their employment contracts with Plaintiffs,

to have wrongfully kept and retained expense reimbursements owed to Plaintiffs, to have acted "willfully" thus entitling the Plaintiffs to liquidated damages under the FLSA, and to have acted in bad faith pursuant to O.C.G.A. §13-6-11.

B. That Defendants be ordered to pay Plaintiffs all past-due wages at the rates agreed upon by the Parties;

C. That Defendants be ordered to pay Plaintiffs overtime wages for all weeks in which Plaintiffs worked more than forty (40) hours at a rate equal to one and one-half (1½) times their "regular rate" of pay;

D. That Defendants be ordered to pay Plaintiffs liquidated damages under the FLSA;

E. That the Court enter judgment declaring Defendants Bowdoin, Champagne, Mahan and Walker to be "employers" pursuant to 29 U.S.C. §203(e) , and hence personally liable for all monies due Plaintiffs;

F. That the Defendants be order to pay Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. §216;

G. That the Defendants be ordered to pay interest, pursuant to Georgia law, on those amounts due not subject to the liquidated damages provision of the FLSA;

H. That the Defendants be order to pay Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to O.C.G.A. §13-6-11; and,

I. For such other and further relief as the Court finds just and appropriate.


Respectfully submitted this twenty-fifth (25th) day of March, 2016.


/s/   Peter H. Steckel
Peter H. Steckel
Georgia Bar Number 491935
Counsel for Plaintiffs


1902 Alderbrook Road
Atlanta, Georgia  30325
(404) 717-6220
Email:  peterhs1974@yahoo.com

# EXHIBIT 1

Zoom Information

Login Blog Contact

- Platform
  - Contact and Company Search
  - Data Management
  - Account Targeting
  - Campaign Optimization
- Partners
- Customer Success
- About
  - News and Press
  - Resources
  - Blog
  - Careers
  - Contact
- Free Trial

- Companies
  - People

Enter Company Name

Need more? Try our Advanced Search (20+ criteria) »

# Fortyfive Studios, LLC

## Company Profile Information

$1 mil. - $5 mil.in Revenue

5 - 10Employees

Contact people at this company

1270 Caroline St NE, Suite D120-140AtlantaGeorgia30307United States

view map

www.fortyfivestudios.tv
Share This Profile
Share this profile on Facebook.
Link to this profile on LinkedIn.
Tweet this profile on Twitter.
Email a link to this profile.
See other services through which you can share this profile.



- [View Contact Info >>](#)
- [Contact people at this company](#)

Accelerate your business with the industry's most comprehensive profiles on business people and companies.
Find business contacts by city, industry and title. Our B2B directory has just-verified and in-depth profiles, plus the market's top tools for searching, targeting and tracking.
[Atlanta](#) | [Boston](#) | [Chicago](#) | [Houston](#) | [Los Angeles](#) | [New York](#)
Browse ZoomInfo's business people directory. Our professional profiles include verified contact information, biography, work history, affiliations and more.
[A](#) [B](#) [C](#) [D](#) [E](#) [F](#) [G](#) [H](#) [I](#) [J](#) [K](#) [L](#) [M](#) [N](#) [O](#) [P](#) [Q](#) [R](#) [S](#) [T](#) [U](#) [V](#) [W](#) [X](#) [Y](#) [Z](#)
Browse ZoomInfo's company directory. Our company profiles include corporate background information, detailed descriptions, and links to comprehensive employee profiles with verified contact information.
[US](#) | [Canada](#)

**ZOOMINFO**

- [Contact](#)
- [Login](#)
- [Support](#)
- [Careers](#)
- [Find Contacts](#)

**CUSTOMERS**

- [Customer Success](#)
- [Become a Partner](#)

**SOLUTIONS**

- [Platform](#)

- Products

**COMPANY**

- About
- News and Press
- Resources
- Blog

**SUPPORT**

- FAQs
- Help
- Register
- My Account
- Contact Support
- Am I in Zoominfo?

Sitemap Privacy Terms & Conditions
Copyright © 2016 Zoom Information, Inc. All rights reserved

ProPub_Iteration_NoTests.342[01]  SEIDXWK-12

EXHIBIT 2

**BUSINESS PLATINUM**

WELLS
FARGO



4858

CUSTOMER
SINCE 2015 GOOD
THRU 06/30/18

KAREN WALKER

FORTYFIVE STUDIOS

**VISA**

# EXHIBIT 3

January 8, 2016
45 Studios, LLC
659 Auburn Ave. Ste. 118
Atlanta, GA 30312
RE: Final Pay

Dear Aaron, Randall, and Thomas:

As you know, I worked for your company as an associate production coordinator from August 24, 2015 until we spoke about a different path for me on January 4, 2016.

On the day I resigned, I was still owed wages for the period October 15, 2015 to December 15, 2015 in addition to reimbursements for company expenses. According to my calculations, I am owed a total of $2,465 in unpaid wages and $5,198.29 in reimbursements. Your failure to promptly pay my wages has exposed 45 Studios, LLC to liability according to the Fair Labor Standards Act.

Per our discussion on Monday, January 4th, 45 Studios was to pay my labor check in the following week and receive installments of $1,500 per month until my reimbursement is paid in full. However, I have been more than patient in receiving my wages and reimbursement. I am willing to resolve this matter informally with 2 options:

A. Please send a check in the full amount owed of $7,663.29.

B. Please send a check of my unpaid labor in the amount of $2,465 immediately and $1,500 bi-weekly until my reimbursement is paid off.

If we do not come to a conclusion, I will have grounds to file a complaint with the Wage and Hour Division of the U.S Department of Labor or a lawsuit seeking all the damages allowed by law. Please select your best option and sign below as an understanding.

Sincerely,
Julieanne Quach                                   X_____

                                                  X_____

                                                  X_____