IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANCE DARDEN and<br>JULIEANNE QUACH,<br><br>*Plaintiffs*,<br><br>v.<br><br>FORTYFIVE STUDIOS, LLC,<br>AARON BOWDOIN,<br>RANDALL CHAMPAGNE, and<br>THOMAS MAHAN,<br><br>*Defendants*. | CIVIL ACTION FILE NO.<br>1:16-CV-00970-SCJ |

### JOINT MOTION FOR
### APPROVAL OF SETTLEMENT

**NOW COME** Plaintiff Julieanne Quach (hereinafter "Plaintiff") and Defendants Fortyfive Studios, LLC (the "Company"), Aaron Bowdoin, Randall Champagne and Thomas Mahan (hereinafter collectively "the Defendants") (hereinafter jointly "the Parties") and jointly seek the Court's approval of the proposed settlement in this action which includes a Fair Labor Standards Act claim.

1. Plaintiff filed this action on March 25, 2016 alleging that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§206, and 207,

and Georgia law. Plaintiff has been represented throughout these proceedings by attorney, Peter H. Steckel.

2. In her Complaint, Plaintiff contended that pursuant to the FLSA she was entitled to $ 1799.70 in back wages, $783.89 in overtime and sought liquidated damages of $2,583.59. Plaintiff also contended in her Complaint that she was entitled to $5,133.00 under Georgia state law for unreimbursed expenses.

3. Defendants deny they violated the Act and/or Georgia law and contend Plaintiff was properly classified. In addition to liability, Defendants dispute the number of hours Plaintiff claims to have worked and dispute the amounts Plaintiff seeks as unpaid wages, overtime and as liquidated damages.

4. After good faith, arms-length negotiations the parties reached a settlement in order to avoid the risks, uncertainties and expense of proceeding with litigation. The specific terms of the settlement are set forth in the attached Settlement Agreement attached for the Court's approval. *See* Exhibit 1, Settlement Agreement.

5. The Parties respectfully submit the terms of the settlement agreement represent the compromise of bona fide disputes with respect to FLSA coverage, the number of hours Plaintiff claims to have worked and as to the amounts Plaintiff contends she is owed as unpaid overtime, minimum wage and as liquidated damages.

6. Under the terms of the Agreement, Plaintiff will receive from the Company two thousand dollars and no cents ($2000.00) as back wages and overtime and two thousand dollars and no cents ($2000.00) as liquidated damages. In addition, pursuant to the settlement, Fortyfive Studios will pay Plaintiff an additional six thousand dollars and no cents ($6,000.00) for unreimbursed expenses.

7. In addition, pursuant to the settlement, the Company will pay to Plaintiff's counsel the amount of three thousand one hundred and ninety-one dollars ($3,191.00) as reasonable fees and costs. The Parties confirm the Plaintiff's attorney's fees were agreed upon separately and without regard to the amounts to be paid to Plaintiff as unpaid wages, overtime and liquidated damages. Plaintiff's counsel affirms the attorney's fees and costs to be paid pursuant to the Settlement Agreement are reasonable.

8. Thus, pursuant to the Settlement Agreement the Company will pay Plaintiff a total of thirteen thousand one hundred ninety one dollars and no cents ($13,191.00). The amounts to be paid to Plaintiff pursuant to the Settlement Agreement, exclusive of attorney's fees, constitutes 84 % of the amount sought by Plaintiff in her Complaint.

9. Given the disputed issues in the case, including over FLSA coverage, the amounts sought as unpaid wages and overtime and whether liquidated

damages are appropriate, the Parties agree and affirm the settlement reflects a reasonable and fair compromise of Plaintiff's FLSA claims.

10. The Parties therefore respectfully submit this settlement constitutes a fair and reasonable resolution of bona fide disputes surrounding Plaintiff's FLSA claims and jointly move the Court to approve this settlement pursuant to <u>Lynn's Food Stores, Inc. v. Secretary of Labor</u>, 679 F.2d 1350 (11th Cir. 1982).

11. Upon the Court's approval, the Company shall pay the sums set forth in Paragraph 6 of the Settlement Agreement within ten (10) business days of the Court's approval of this settlement and thereafter, Plaintiff will promptly voluntarily dismiss her claims from this Action with prejudice.

WHEREFORE, the Parties respectfully pray the Court approve this settlement agreement.

Respectfully submitted this 4th day of November, 2016.

By: <u>s/ *Peter H. Steckel*</u>          By: <u>s/ *Daniel Wyatt*          </u>.
    GA Bar No. 491935                        GA Bar No. 778915
    Attorney for Plaintiff                   Attorney for Defendants

                                             Asbell Rhoads LLP
    1902 Alderbrook Road                     White Provisions Building, 305
    Atlanta, GA  30325                       Atlanta, GA  30318
    Phone: 404-717-6220                      Phone: 678-576-7816
    Email: peterhs1974@yahoo.com             Email: cdanwyatt@gmail.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing pleading is typewritten using Century Schoolbook font, fourteen-point type.

                                          */s/ Peter H. Steckel*
                                          Peter H. Steckel
                                          Georgia Bar Number 491935
                                          Counsel for Plaintiffs

1902 Alderbrook Road
Atlanta, Georgia  30325
(404) 717-6220
Email:  peterhs1974@yahoo.com

# EXHIBIT "1"

## SETTLEMENT
## AGREEMENT AND GENERAL RELEASE

Fortyfive Studios, LLC, Aaron Bowdoin, Randall Champagne and Thomas Mahan (collectively "Fortyfive Studios" or "Defendants") and JulieAnne Quach ("Ms. Quach" or "Plaintiff"))(collectively "Parties") agree that:

WHEREAS, on or about March 25, 2016, Quach filed Civil Action 1:16-cv-00970-SCJ in the United States District Court for the Northern District of Georgia, Atlanta Division, asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), state law claims for breach of contract, unjust enrichment and promissory estoppel and seeking attorneys fees and litigation cost under federal and state law (the "Action");

WHEREAS, Defendants deny the allegations in the Action and deny any guilt, violation of law, liability or wrongdoing of any kind; and

WHEREAS, the Parties desire the Action be terminated and resolved without further legal proceedings, thereby avoiding the inconvenience, expense, uncertainty and risks involved in litigation; and

WHEREAS, the Parties understand and agree that neither the making of this Settlement Agreement and General Release ("Settlement Agreement" or "Agreement") nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of any guilt, violation of law, liability or wrongdoing of whatever kind, the same being hereby denied by Defendants.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree as follows:

1. **Consideration.** In consideration for Ms. Quach signing this Settlement Agreement and following the court's approval of this Settlement Agreement and the dismissal with prejudice of Quach's claims from this Action, Fortyfive Studios will be pay Ms. Quach the sum of Thirteen Thousand One Hundred Ninety One Dollars and No Cents ($13,191.00). The settlement payment will be apportioned as follows: (a) Six Thousand Dollars and No Cents ($6,000.00) will be paid to Quach for repayment of a loan; (b) Two Thousand Dollars and No Cents ($2,000.00) will be paid to Ms. Quach in back wages for which IRS Form W-2 will be issued; (c) Two Thousand Dollars and No Cents will be paid to Ms Quach as liquidated damages for which IRS Form 1099 will be issued; and (d) Three Thousand One Hundred Ninety One Dollars and No Cents ($3,191.00) will be paid as reasonable attorney's fees and costs to Plaintiff's counsel, Peter H. Steckel. This settlement amount constitutes full and complete satisfaction of Ms. Quach's claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 207.

2. **Timing.** Upon the court's approval of the Settlement Agreement, Ms. Quach will voluntarily dismiss with prejudice her claims from the Action. Defendant Fortyfive

Studios will make the settlement payment as specified in Paragraph 1 within ten (10) business days of the Court's approval of the Settlement Agreement signed by Ms. Quach and her counsel.

3. **Indemnification for Tax Consequences.** Ms. Quach will indemnify, reimburse and hold harmless Fortyfive Studios for any costs and fees they incur as a result of any claim by any federal, state or local governmental authority for unpaid taxes, penalties, fines, fees, interest or contributions that allegedly are owing as a result of the amounts paid to Ms. Quach and/or Plaintiff's counsel pursuant to this Settlement Agreement.

4. **Nonadmission of Wrongdoing.** Nothing in this Settlement Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by any of the Defendants of any liability or unlawful conduct of any kind. Defendants deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Action. Neither this Settlement Agreement nor anything in it, nor any part of the negotiations that resulted in this Settlement Agreement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret or enforce its terms.

5. **No Consideration Absent Execution of this Agreement**. Ms. Quach acknowledges the receipt and sufficiency of the consideration specified in Paragraph 1 above and understands she would not receive the consideration specified in Paragraph 1 above, except for her execution of this Settlement Agreement, and the fulfillment of the promises contained herein, including but not limited to, the general release in Paragraph 6, the confidentiality provision in Paragraph 8, the non-encouragement provision in Paragraph 9, and the non-disparagement no publication provision in Paragraph 10.

6. **General Release of Claims**. Ms. Quach, on her behalf and on behalf of her heirs, executors, administrators, trustees, successors, and assigns, knowingly, voluntarily, irrevocably and unconditionally covenants not to sue and releases and discharges Fortyfive Studios and its current and former owners, employees, officers, directors, shareholders, board of directors, independent contractors, agents, successors and assigns thereof, including but not limited to, Aaron Bowdoin, Randall Champagne, and Thomas Mahan (collectively "Releasees"), of and from any and all claims, in law or in equity, known and unknown, that Ms. Quach, her heirs, executors, administrators, trustees, successors, and assigns have or may have against Releasees as of the date of her execution of this Settlement Agreement, including, but not limited to, any claims for an alleged violation of the Fair Labor Standards Act as well as any alleged violation of any other state, federal or local statutory, common law, regulation or ordinance. This general release includes, but is not limited to, any claim for breach of contract, unjust enrichment, promissory estoppel, in tort, for wages, benefits, commissions, liquidated damages, litigation expense or attorneys' fees.

7. **Affirmations**. Ms. Quach affirms that she has not filed, caused to be filed, or presently is a party to any claim, charge, complaint, or action against any of the Defendants in any forum or form, other than Civil Action No. 1:16-cv-00970-SCJ. Ms. Quach also affirms she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses,

commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement. Moreover, Ms. Quach affirms she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave.

8. **Confidentiality.** Ms. Quach agrees not to disclose the Settlement Agreement or any of its terms or the allegations, claims, theories and negotiations involved in this Action that resulted in this Settlement Agreement to anyone other than to her attorney or tax advisor, provided such attorney/tax advisor agrees not to disclose the Settlement Agreement or any of its terms to anyone. If asked about this Action, Ms. Quach may reply, "the matter has been resolved to the mutual satisfaction of the parties." Ms. Quach further agrees that neither she nor her counsel shall oppose Defendants' efforts to preserve and protect the confidential nature of the Settlement Agreement, including any motion or request that the Settlement Agreement not be filed in the public record and/or sealed. If the Court denies such a request, the parties agree that the Settlement Agreement will be filed as directed by the Court.

This paragraph does not prohibit Quach from disclosing the terms, amount, or existence of this Agreement: (1) to the extent necessary legally to enforce this Agreement; (2) if necessary to comply with a valid subpoena, or (3) if otherwise required by law.

9. **Non-encouragement.** Ms. Quach agrees not to contact and/or encourage other current or former employees or contractors of Fortyfive Studios to make claims or file administrative or civil actions against any of the Defendants. Ms. Quach acknowledges and agrees her representations in this paragraph are a material inducement for Defendants to enter into this Settlement Agreement. Ms. Quach further recognizes and agrees any violation of the promises and covenants in this paragraph will damage Fortyfive Studios irreparably. For any violation of the promises and covenants in this paragraph, Fortyfive Studios shall be entitled to injunctive and other equitable relief in damages, as determined by a court of competent jurisdiction.

10. **Non-Disparagement and No Publication.** Each Party agrees not to defame, disparage, cast aspersions upon or demean the other or its/his/her products, services, owners or employees in any manner whatsoever. A disparaging statement is any communication, oral or written, including but not limited to, information published via the internet, which would cause or tend to cause humiliation or embarrassment or to cause a recipient of such communication to question the business condition, integrity, product and service, quality, confidence or good character of any Party. This clause applies to both verbal and written statements and if any such statements are published in any form or forum, including but not limited to, through social media or otherwise, the publishing party shall remove such statements within twenty-four (24) hours of receipt of notice of an objection to such statement(s). In addition to the remedies provided in this Settlement Agreement, this provision may be enforced via a temporary restraining order or a preliminary and permanent injunction as well as other available equitable and legal remedies as determined by a court of competent jurisdiction.

11. **Governing Law and Interpretation**. This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to

3

illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12. **Advice of Attorneys**. The Parties hereto have entered into this Settlement Agreement freely, had the opportunity to seek the advice of an attorney, and no Party is signing this Agreement on reliance of the promises or representations of the other Party or their agents. Each party acknowledges that she/he/it fully understands and consents to the terms of the Agreement.

13. **Costs and Attorney's Fees**. Except as expressly provided otherwise in Paragraph 1 of this Agreement, each party to this Settlement Agreement shall bear her/his/its own costs and attorneys' fees incurred in prosecution, defense and settlement of the Action.

14. **Amendment**. This Settlement Agreement may not be modified, altered or changed except in writing signed by counsel for the Parties wherein specific reference is made to this Settlement Agreement and General Release.

15. **Entire Agreement**. This Settlement Agreement sets forth the entire agreement between the Parties hereto, relating to the settlement of this Action and fully supersedes any prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a party or a party's counsel. Ms. Quach acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except for those set forth in this Agreement.

16. **Mutual Full Cooperation.** The Parties agree to and shall use their best efforts to fully cooperate with each other in good faith and to take all actions reasonably necessary to implement the terms of this Settlement Agreement.

17. **Construction.** The Parties agree the terms and conditions of this Settlement Agreement are the result of arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against a Party by reason of the extent to which his/her/its counsel participated in the drafting of this Settlement Agreement. The Parties request that before declaring any provision of this Settlement Agreement invalid, the Court first attempt to construe all provisions valid to the fullest extent possible consistent with the applicable precedents and the intent expressed in this Settlement Agreement.

18. **Multiple Counterparts and Digital Execution.** This Settlement Agreement may be executed in multiple original counterparts, each of which shall be enforceable against the Party signing it, and original signature pages transmitted via a digital scan attached to electronic mail (email) shall have the same force and effect as delivery of an original signature.

MS. QUACH CONFIRMS SHE HAS BEEN PROVIDED WITH A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY REGARDING THIS SETTLEMENT AGREEMENT AND CONFIRMS SHE HAS CONSULTED WITH HER ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, MS. QUACH FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below:

FORTYFIVE STUIDIOS, LLC

By: _____

Its: _____

Aaron Bowdoin

Date _____

Randall Champagne

10/19/16
Date

_____
Julieanne Quach

10/19/16
Date

(Signatures Continue on Next Page)

5

APPROVED AS TO FORM:

Attorney For Plaintiff
By: _____
Peter H. Steckel
Georgia Bar No. 491935
1902 Alderbrook Road
Atlanta, GA 30325

Dated: 10/20/16

Attorney For Defendants
By: _____
Daniel Wyatt
Georgia Bar No. 778915
White Provisions Building, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318

Dated: 10/21/16