IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANCE DARDEN and<br>JULIEANNE QUACH,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>FORTYFIVE STUDIOS, LLC,<br>AARON BOWDOIN,<br>RANDALL CHAMPAGNE, and<br>THOMAS MAHAN,<br><br>     *Defendants*. | CIVIL ACTION FILE NO.<br>1:16-CV-00970-SCJ |

## JOINT MOTION FOR
## APPROVAL OF SETTLEMENT

**NOW COME** Plaintiff Lance Darden (hereinafter "Plaintiff") and Defendants Fortyfive Studios, LLC (the "Company"), Aaron Bowdoin, and Randall Champagne (hereinafter collectively "the Defendants") (hereinafter jointly "the Parties") and jointly seek the Court's approval of the proposed settlement in this action which includes a Fair Labor Standards Act claim.

1.    Plaintiff filed this action on March 25, 2016 alleging that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§206, and 207, and Georgia law.   Plaintiff has been represented throughout these proceedings by attorney, Peter H. Steckel.

2. In his Complaint, Plaintiff contended that, pursuant to the FLSA and Georgia law, he was entitled to $ 12,650.00 in back wages, $1,293.65 in unpaid overtime wages, and sought liquidated damages of $2,613.15.

3. Defendants deny they violated the Act and/or Georgia law, and contend Plaintiff was properly classified as an independent contractor.   In addition to liability, Defendants dispute the number of hours Plaintiff claims to have worked and dispute the amounts Plaintiff seeks as unpaid wages, overtime and as liquidated damages.

4.   After extensive arms-length negotiations, including a day long mediation, the Parties have finally reached a settlement in order to avoid the risks, uncertainties and expense of proceeding with litigation.   The specific terms of the settlement are set forth in the attached Settlement Agreement attached for the Court's approval. *See* Exhibit 1, <u>Settlement Agreement</u>.

5.     The Parties respectfully ask the Court to approve the attached Settlement Agreement as it represents the compromise of *bona fide* disputes with respect to all of Plaintiff's claims, including his state law claims and with respect to FLSA coverage, Plaintiff's proper classification as an "employee" or independent contractor, the number of hours Plaintiff claims to have worked, and as to the amounts Plaintiff contends he is owed as unpaid overtime, back wages, and as liquidated damages.

6.     Under the terms of the Agreement, Plaintiff will receive from the Company Twelve Thousand Dollars and No Cents ($12,000.00).

7.     In addition, pursuant to the settlement, the Company will pay to Plaintiff's counsel the amount of Fifteen Thousand Eight Hundred Dollars ($15,800.00) as reasonable fees and costs. The Parties confirm the Plaintiff's attorney's fees were agreed upon separately and without regard to the amounts to be paid to Plaintiff as unpaid wage.

8.     Thus, pursuant to the Settlement Agreement the Company will pay Plaintiff a total of Twenty-Seven Thousand Eight Hundred Dollars and No Cents ($27,800.00).

3

9.   Given the disputed issues in the case, including over FLSA coverage, the proper characterization of the Plaintiff as an "employee" or independent contractor, the amounts sought as unpaid wages and overtime, and whether liquidated damages are appropriate, the Parties respectfully ask the Court to approve the settlement as a fair and reasonable resolution of *bona fide* disputes surrounding Plaintiff's FLSA claims and jointly move the Court to approve this settlement pursuant to <u>Lynn's Food Stores, Inc. v. Secretary of Labor</u>, 679 F.2d 1350 (11th Cir. 1982).

10.  The Company shall pay the sums set forth in Paragraph 1 of the Settlement Agreement as set forth in the payment schedule detailed in Paragraph 2 of the Agreement. Within forty-eight (48) hours of the initial payment, Plaintiff will dismiss Defendant Thomas Mahan with prejudice. Within forty-eight (48) hours of receipt of the final payment set forth in Paragraph 2, and as set forth in Paragraph 3, Plaintiff will promptly voluntarily dismiss his claims against the remaining Defendants with prejudice.  The Parties ask that the Court retain jurisdiction for enforcement purposes only.

WHEREFORE, the Parties respectfully pray the Court approve this Settlement Agreement.

Respectfully submitted this _16th_ day of December, 2016.

By:   s/ *Peter H. Steckel*          By:   s/ *Daniel Wyatt*
      GA Bar No. 491935                   GA Bar No. 778915
      Attorney for Plaintiff              Attorney for Defendants

                                          Asbell Rhoads LLP
      1902 Alderbrook Road                White Provisions Building, 305
      Atlanta, GA  30325                  Atlanta, GA  30318
      Phone: 404-717-6220                 Phone: 678-576-7816
      Email: peterhs1974@yahoo.com        Email: cdanwyatt@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing pleading is typewritten using Century Schoolbook font, fourteen-point type.

                                      /s/  *Peter H. Steckel*
                                     Peter H. Steckel
                                     Georgia Bar Number 491935
                                     Counsel for Plaintiffs

1902 Alderbrook Road
Atlanta, Georgia  30325
(404) 717-6220
Email:  peterhs1974@yahoo.com

# EXHIBIT 1

## SETTLEMENT
## AGREEMENT AND GENERAL RELEASE

Fortyfive Studios, LLC, Aaron Bowdoin, and Randall Champagne (collectively "Fortyfive Studios" or "Defendants") and Lance Darden ("Mr. Darden" or "Plaintiff") (collectively "Parties") agree that:

WHEREAS, on or about March 25, 2016, Plaintiff filed Civil Action 1:16-cv-00970-SCJ in the United States District Court for the Northern District of Georgia, Atlanta Division, asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), state law claims for breach of contract, unjust enrichment and promissory estoppel and seeking attorneys' fees and litigation cost under federal and state law (the "Action");

WHEREAS, *Defendants deny the allegations in the Action and deny any guilt,* violation of law, liability or wrongdoing of any kind; and

WHEREAS, the Parties desire the Action be terminated and resolved without further legal proceedings, thereby avoiding the inconvenience, expense, uncertainty and risks involved in litigation; and

WHEREAS, the Parties understand and agree that neither the making of this Settlement Agreement and General Release ("Settlement Agreement" or "Agreement") nor *anything contained herein shall in any way be construed or considered to be an admission by* Defendants of any guilt, violation of law, liability or wrongdoing of whatever kind, the same being hereby denied by Defendants.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree as follows:

1.      **Consideration.** In consideration for Mr. Darden signing this Settlement Agreement and following the Court's approval of this Settlement Agreement, Fortyfive Studios will be pay Mr. Darden the sum of Twenty-Seven Thousand Eight Hundred Dollars and No Cents ($27,800.00). The settlement payment will be apportioned as follows: (a) Twelve Thousand Dollars and No Cents ($12,000.00) will be paid to Mr. Darden as unpaid compensation (as an independent contractor) for which an IRS Form 1099 will be issued; and (b) Fifteen Thousand Eight Hundred Dollars and No Cents ($15,800.00) will be paid as reasonable attorney's fees and costs to Plaintiff's counsel, Peter H. Steckel. This settlement amount constitutes full and complete satisfaction of Mr. Darden's claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 207.

2.      **Payments.**

(a)      **Amounts.** Defendants will pay the amounts specified in Paragraph 1 as follows: (a) Defendants shall make an initial payment of Five Thousand Dollars and No Cents ($5,000.00), and (b) Defendants shall make monthly payments of One Thousand Dollars

($1,000.00) until the remaining balance is paid (the final monthly payment amount to be Eight Hundred Dollars and No Cents ($800.00)).

(b)     **Timing**. The initial payment ($5,000.00) shall be paid on or before December 21, 2016. Monthly payments ($1,000.00) shall commence on March 1, 2017, and continue until the entire balance has been paid (the final monthly payment to be $800).

(c)     **Allocation**.  The initial payment of Five Thousand Dollars and No Cents ($5,000) shall be allocated as follows:  Three Thousand Dollars and No Cents ($3,000.00) to Mr. Darden, and Two Thousand Dollars and No Cents ($2,000.00) to Plaintiff's counsel, Peter H. Steckel.  The monthly payments of One Thousand Dollars and No Cents ($1,000.00) shall be allocated as follows:  Four Hundred Dollars and No Cents ($400.00) to Plaintiff and Six Hundred Dollars and No Cents ($600.00) to Plaintiff's counsel, Peter H. Steckel.  The final monthly payment of Eight Hundred Dollars and No Cents ($800.00) shall be allocated as follows:  Two Hundred Dollars ($200.00) to Plaintiff and Eight Hundred Dollars and No Cents ($600.00) to Plaintiff's counsel, Peter H. Steckel.

        3.      **Dismissal and Non-payment**. Within forty-eight (48) hours of payment of the initial amount ($5,000.00) described above, Plaintiff will dismiss with prejudice Defendant Thomas Mahan. Within forty-eight (48) hours of full and final payment of the total settlement amount described in Paragraph 1, Plaintiff will dismiss this Action with prejudice as to the remaining Defendants.  Should Defendants fail to make a payment under Paragraph 2, or should such payment be returned by their bank as unpaid for any reason, Defendants shall have three (3) calendar days to correct any deficiency.  Failure to correct such a deficiency within three (3) calendar days shall constitute a material breach of this Agreement.  In the event of non-payment and a failure to correct such non-payment, Plaintiff may move to enforce this Agreement and seek attorneys' fees.

        4.      **Indemnification for Tax Consequences**.  Mr. Darden will indemnify, reimburse and hold harmless Fortyfive Studios for any costs and fees they incur as a result of any claim by any federal, state or local governmental authority for unpaid taxes, penalties, fines, fees, interest or contributions that allegedly are owing as a result of the amounts paid to Mr. Darden and/or Plaintiff's counsel pursuant to this Settlement Agreement.

        5.      **Nonadmission of Wrongdoing**. Nothing in this Settlement Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by any of the Defendants of any liability or unlawful conduct of any kind.  Defendants deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Action.   Neither this Settlement Agreement nor anything in it, nor any part of the negotiations that resulted in this Settlement Agreement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret or enforce its terms.

        6.      **No Consideration Absent Execution of this Agreement**.  Mr. Darden acknowledges the receipt and sufficiency of the consideration specified in Paragraph 1 above and understands he would not receive the consideration specified in Paragraph 1 above, except for

2

his execution of this Settlement Agreement, and the fulfillment of the promises contained herein, including but not limited to, the general release in Paragraph 7, the confidentiality provision in Paragraph 9, the non-encouragement provision in Paragraph 10, and the non-disparagement no publication provision in Paragraph 11.

       **7.**    <u>**General Release of Claims**</u>.  Mr. Darden, on his behalf and on behalf of his heirs, executors, administrators, trustees, successors, and assigns, knowingly, voluntarily, irrevocably and unconditionally covenants not to sue and releases and discharges Fortyfive Studios and its current and former owners, employees, officers, directors, shareholders, board of directors, independent contractors, agents, successors and assigns thereof, including but not limited to, Aaron Bowdoin, Randall Champagne, and Thomas Mahan (collectively "Releasees"), of and from any and all claims, in law or in equity, known and unknown, that Mr. Darden, his heirs, executors, administrators, trustees, successors, and assigns have or may have against Releasees as of the date of his execution of this Settlement Agreement, including, but not limited to, any claims for an alleged violation of the Fair Labor Standards Act as well as any alleged violation of any other state, federal or local statutory, common law, regulation or ordinance.  This general release includes, but is not limited to, any claim for breach of contract, unjust enrichment, promissory estoppel, in tort, for wages, benefits, commissions, liquidated damages, litigation expense or attorneys' fees.

       **8.**    <u>**Affirmations**</u>.  Mr. Darden affirms that he has not filed, caused to be filed, or presently is a party to any claim, charge, complaint, or action against any of the Defendants in any forum or form, other than Civil Action No. 1:16-cv-00970-SCJ.  Mr. Darden also affirms he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.  Moreover, Mr. Darden affirms he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave.

       **9.**    <u>**Confidentiality.**</u>  Mr. Darden agrees not to disclose the Settlement Agreement or any of its terms or the allegations, claims, theories and negotiations involved in this Action that resulted in this Settlement Agreement to anyone other than to his attorney or tax advisor, provided such attorney/tax advisor agrees not to disclose the Settlement Agreement or any of its terms to anyone.  If asked about this Action, Mr. Darden may reply, "the matter has been resolved to the mutual satisfaction of the parties."  Mr. Darden further agrees that neither he nor his counsel shall oppose Defendants' efforts to preserve and protect the confidential nature of the Settlement Agreement, including any motion or request that the Settlement Agreement not be filed in the public record and/or sealed.  If the Court denies such a request, the parties agree that the Settlement Agreement will be filed as directed by the Court.

       This paragraph does not prohibit Mr. Darden from disclosing the terms, amount, or existence of this Agreement:  (1) to the extent necessary legally to enforce this Agreement; (2) if necessary to comply with a valid subpoena, or (3) if otherwise required by law.

       **10.**    <u>**Non-encouragement.**</u>  Mr. Darden agrees not to contact and/or encourage other current or former employees, contractors or vendors of Fortyfive Studios to make claims or

3

file administrative or civil actions against any of the Defendants. Mr. Darden acknowledges and agrees his representations in this paragraph are a material inducement for Defendants to enter into this Settlement Agreement. Mr. Darden further recognizes and agrees any violation of the promises and covenants in this paragraph will damage Fortyfive Studios irreparably. For any violation of the promises and covenants in this paragraph, Fortyfive Studios shall be entitled to injunctive and other equitable relief in damages, as determined by a court of competent jurisdiction.

**11.**   **Non-Disparagement and No Publication.**   Each Party agrees not to defame, disparage, cast aspersions upon or demean the other or its/his/her products, services, owners or employees in any manner whatsoever. A disparaging statement is any communication, oral or written, including but not limited to, information published via the internet, which would cause or tend to cause humiliation or embarrassment or to cause a recipient of such communication to question the business condition, integrity, product and service, quality, confidence or good character of any Party. This clause applies to both verbal and written statements and if any such statements are published in any form or forum, including but not limited to, through social media or otherwise, the publishing party shall remove such statements within twenty-four (24) hours of receipt of notice of an objection to such statement(s). In addition to the remedies provided in this Settlement Agreement, this provision may be enforced via a temporary restraining order or a preliminary and permanent injunction as well as other available equitable and legal remedies as determined by a court of competent jurisdiction.

**12.**   **Governing Law and Interpretation.**   This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**13.**   **Advice of Attorneys.**   The Parties hereto have entered into this Settlement Agreement freely, had the opportunity to seek the advice of an attorney, and no Party is signing this Agreement on reliance of the promises or representations of the other Party or their agents. Each party acknowledges that she/he/it fully understands and consents to the terms of the Agreement.

**14.**   **Costs and Attorney's Fees.**   Except as expressly provided otherwise in Paragraph 1 of this Agreement, each party to this Settlement Agreement shall bear his/its own costs and attorneys' fees incurred in prosecution, defense and settlement of the Action.

**15.**   **Amendment.**   This Settlement Agreement may not be modified, altered or changed except in writing signed by counsel for the Parties wherein specific reference is made to this Settlement Agreement and General Release.

**16.**   **Entire Agreement.**   This Settlement Agreement sets forth the entire agreement between the Parties hereto, relating to the settlement of this Action and fully supersedes any prior or contemporaneous agreements, understandings, representations and

4

statements, whether oral or written and whether by a party or a party's counsel. Mr. Darden acknowledges that he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

17.   **Mutual Full Cooperation.**   The Parties agree to and shall use their best efforts to fully cooperate with each other in good faith and to take all actions reasonably necessary to implement the terms of this Settlement Agreement.

18.   **Construction.**   The Parties agree the terms and conditions of this Settlement Agreement are the result of arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against a Party by reason of the extent to which his/her/its counsel participated in the drafting of this Settlement Agreement. The Parties request that before declaring any provision of this Settlement Agreement invalid, the Court first attempt to construe all provisions valid to the fullest extent possible consistent with the applicable precedents and the intent expressed in this Settlement Agreement.

19.   **Multiple Counterparts and Digital Execution.**   This Settlement Agreement may be executed in multiple original counterparts, each of which shall be enforceable against the Party signing it, and original signature pages transmitted via a digital scan attached to electronic mail (email) shall have the same force and effect as delivery of an original signature.

**MR. DARDEN CONFIRMS HE HAS BEEN PROVIDED WITH A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY REGARDING THIS SETTLEMENT AGREEMENT AND CONFIRMS HE HAS CONSULTED WITH HIS ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below:

**(Signatures Continue On Next Page)**