IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANCE DARDEN and JULIANNE QUACH,<br>    Plaintiff,<br><br>v.<br><br>FORTYFIVE STUDIOS, LLC<br>AARON BOWDOIN<br>RANDALL CHAMPAGNE, and<br>THOMAS MAHAN,<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION FILE<br>:   NO. 1:16-CV-0970-SCJ<br>:<br>:<br>:<br>:<br>: |

## ORDER

Plaintiff Lance Darden ("Plaintiff") and Defendants Fortyfive Studios, LLC, Aaron Bowdoin, Randall Champagne (collectively "Defendants") have filed a Joint Motion For Approval of Settlement (Doc. No. [28]) seeking the Court's review and approve of the Settlement Agreement resolving Plaintiff's claims.  Because Mr. Darden asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the settlement of his FLSA claims requires the Court's approval. See Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The Court has carefully reviewed the grounds set forth in the Parties' Joint Motion for Approval of Settlement as well as examined the terms of the Settlement Agreement attached as Exhibit A to the Parties' Joint Motion.[1]

The Court finds the terms of settlement represent a fair and reasonable resolution of *bona fide* disputes surrounding Plaintiff's FLSA claims. The Court further finds the amounts to be paid pursuant to the Settlement Agreement as Mr. Darden's costs and attorneys' fees are reasonable.

Therefore, the Court hereby **APPROVES** the Settlement Agreement. Except as expressly provided in the Settlement Agreement, each Party shall bear his/its own costs and attorneys' fees. The Court will retain jurisdiction for enforcement purposes only.

---

[1] In this review, the only term/provision of the Agreement, which gave this Court pause is the confidentiality language in paragraph 9.  The Court adheres to the authority which holds as follows: "The judge's 'approving' a settlement constitutes a 'public act,' and the public 'has an interest in knowing what terms of settlement a federal judge would approve.'" Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) (quoting Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002)). And, "[a]s an active component of the judge's decision, the settlement agreement is presumptively a public record." Dees, 706 F. Supp. 2d at 1245 (citing Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)). "[T]he presumption is surely most strong when the 'right' at issue is of a 'private-public character,' as the Supreme Court has described employee rights under the FLSA." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003). The Settlement Agreement, in the case *sub judice*, has been filed on the public record as Doc. No. [27], and in light of the above-stated authority, the parties should *not* present the Court with any future motions to seal.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 16th day of December, 2016.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)